■ In the Matter of DOYLE & DOYLE, INC., Respondent, v EDWARD RUSH et al., Respondents, and ASSOCIATION FOR THE HELP OF RETARDED CHILDREN et al., Proposed Intervenors-Appellants. [661 NYS2d 523] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southampton dated February 2, 1995, which, inter alia, denied the petitioner's application for a certificate of occupancy as a nightclub/bar/restaurant, the proposed intervenors appeal from an order of the Supreme Court, Suffolk County (Rohl, J.), dated September 23, 1996, which denied their motion, inter alia, (1) for leave to intervene in the proceeding, (2) to vacate a judgment entered June 17, 1996, which granted the petition, and (3) to deny the petition and dismiss the proceeding.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the appellants' motion which was for leave to intervene in the proceeding, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the petitioner-respondent.

The court has discretion to allow intervention in a CPLR article 78 proceeding at any time, provided the movant is an interested person (see, Matter of Elinor Homes Co. v St. Lawrence, 113 AD2d 25). Contrary to the petitioner-respondent's contention, the appellants herein were interested parties and therefore, their motion to intervene should have been granted. However, the record sufficiently establishes that the use of the subject premises for a nightclub constituted a preexisting nonconforming use (see, Matter of Doyle & Doyle v Rush, 241 AD2d 493 [decided herewith]) and therefore the petition was properly granted.

The appellants' remaining contentions lack merit. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.